IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SUNSOUTH BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-CV-379-WKW |
| | ) | [WO] |
| FIRST NBC BANK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Alter or Amend Judgment or for
Relief from Order (Doc. # 86), to which Defendants filed a response (Doc. # 88).
Upon consideration of the record, the arguments of counsel, and the relevant law,
the motion is due to be denied.

## I.  BACKGROUND

The circumstances giving rise to this case have been addressed in prior
opinions.  (*See, e.g.,* Doc. # 84.)  Briefly, Plaintiff SunSouth Bank ("SunSouth")
participated in a lending transaction with Central Progressive Bank ("CPB"), the
terms of which were memorialized in a participation agreement.  CPB eventually
failed, and the Federal Deposit Insurance Corporation ("FDIC") took control of CPB
as receiver.  In a whole bank sale, Defendant First NBC Bank ("First NBC") took
ownership of CPB's assets.  As to the loan in which SunSouth participated, First

NBC sold its interest to Defendant HCB Financial Corp ("HCB").  SunSouth alleges that First NBC and HCB breached the participation agreement.

Defendants First NBC and HCB (collectively, "Defendants") filed two motions challenging the court's subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Their first motion, which was facial in nature, was denied.  (Doc. # 41.)  After the pretrial conference, at which Defendants represented that they had reason to question the court's subject-matter jurisdiction, the parties were ordered to file briefs addressing the defenses on which Defendants intended to rely.  (Doc. # 57.)  Defendants filed a renewed 12(b)(1) motion to dismiss (Doc. # 69), this time asserting a factual attack with evidentiary support.[1]  SunSouth filed a response (Doc. # 79), and Defendants filed a reply (Doc. # 81).  The renewed motion to dismiss was granted for lack of subject-matter jurisdiction, and the action was dismissed.  (Docs. # 84 and 85.)

## II.  DISCUSSION

In the motion now before the court, SunSouth seeks relief, pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, from the Order dismissing this action for lack of subject-matter jurisdiction.  The motion will be discussed as it relates to Rules 59 and 60 respectively.

---

[1] Defendants' renewed motion also raised grounds for dismissal under Rule 12(b)(6), but those issues were not reached.

## A.   <u>Sunsouth Is Not Entitled to Rule 59 Relief</u>

The alteration or amendment of a judgment pursuant to Rule 59 is an extraordinary remedy to be granted only under limited circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).  It cannot be used as a vehicle to reexamine resolved matters, raise new arguments, or present evidence that was previously available. *Id.*  To justify Rule 59 relief, the moving party must show that (1) there has been an intervening change in controlling law, (2) there is newly available evidence, or (3) there are clear errors of law or fact to be corrected. *Pennington v. Colvin*, No. 3:12-CV-4191-SLB, 2014 WL 7178368, at *1 (N.D. Ala. Dec. 16, 2014).

Put simply, SunSouth has made no showing that it is entitled to relief from the judgment under Rule 59.  SunSouth points to no intervening change in law since the dismissal of this case.  In fact, aside from its passing references to Rules 59 and 60, SunSouth's motion cites no legal authority supporting its position.   Nor has SunSouth made reference to any evidence justifying this extraordinary request.  The factual assertions set forth in the motion derive solely from the pleadings, which are insufficient to rebut the evidence submitted in conjunction with Defendants' renewed 12(b)(1) motion to dismiss. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (holding that on a factual attack, no presumptive truthfulness attaches to the allegations in the complaint).

With respect to errors of law or fact, SunSouth makes a few hasty arguments, but none of them is availing. SunSouth offers a laundry list of allegedly erroneous factual findings, but offers no evidence rebutting the finding that this dispute arose prior to CPB's failure and thus is jurisdictionally barred. (*See* Doc. # 86, at 8–10.) SunSouth also offers arguments, unadorned by legal authority, that the "FDIC cannot modify a contract right" and that the "FDIC cannot deprive a third party of due process of law." (Doc. # 86, at 10.) These "erroneous legal conclusions," as they are labeled in SunSouth's motion, have no bearing on the issue of subject-matter jurisdiction. SunSouth has not shown that the dismissal of this action was in error. To the extent it seeks relief under Rule 59, SunSouth's motion will be denied.

**B.     SunSouth Is Not Entitled to Rule 60 Relief**

SunSouth's motion is likewise inadequate to justify relief under Rule 60. Rule 60(a) allows for the correction of mere clerical mistakes arising from "oversight or omission." *Fed. Home Loan Mortg. Corp. v. Matassino*, 517 F. App'x 687, 688 (11th Cir. 2013). Rule 60(b) provides that a party may be relieved from a judgment because of mistake, newly discovered evidence, fraud, misconduct, a void judgment, or satisfaction of a judgment. Fed. R. Civ. P. 60(b). The circumstances do not fit any of these Rule 60 conditions.

Nothing about the errors alleged in SunSouth's motion can be characterized as clerical. *See Matassino*, 517 F. App'x at 688. Nor has SunSouth brought forth

any newly discovered evidence bearing on the issue of subject-matter jurisdiction. *See* Fed. R. Civ. P. 60(b)(2); Part II.A, *supra*. It is also clear that this is not a situation in which SunSouth seeks relief from a satisfied judgment. *See* Fed. R. Civ. P. 60(b)(5).

With respect to Rule 60(b)(3), SunSouth has not met its burden of showing that the judgment was procured through fraud, mistake, misrepresentation, or misconduct by the opposing party. To prevail on a motion for relief under this provision, the moving party must prove the fraud, mistake, misrepresentation, or misconduct by clear and convincing evidence. *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). The thrust of SunSouth's argument on this point, though it is unfocused, appears to be that Defendants engaged in misconduct by bringing a renewed 12(b)(1) motion to dismiss after their initial 12(b)(1) motion had already been denied.

This theory is a non-starter for several reasons. The issue of subject-matter jurisdiction is ripe for review at any stage of the proceedings. Fed. R. Civ. P. 12(h)(3). What is more, Defendants were ordered to brief the issue of subject-matter jurisdiction a second time, and SunSouth was afforded an opportunity to respond. (*See* Doc. # 57.) Instead of meeting Defendants' evidence with evidence of its own, SunSouth chose to defend against the factual attack by incorporating the arguments it made in response to Defendants' previous, unsuccessful facial attack on subject-

5

matter jurisdiction.   Even if SunSouth had made some allegation of conduct that actually rose to the level of fraud or misconduct, it came forward with no evidence that would substantiate those allegations.   SunSouth has not shown by clear and convincing proof that the judgment was procured through fraud or misconduct.

SunSouth's motion is also insufficient to show that it is entitled to relief under Rule 60(b)(4).   To prevail on a motion under this provision, the moving party must show that the judgment is void because it is based on some type of jurisdictional error or violation of due process.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269–70 (2010).   Neither of these conditions is satisfied.   SunSouth's action was dismissed because the unrebutted evidence submitted in conjunction with Defendants' factual attack showed that SunSouth's claim arose prior to CPB's failure.   (Doc. # 84, at 11.)   The action therefore was barred for failure to exhaust administrative remedies.   (Doc. # 84, at 11); *see* 12 U.S.C. § 1821(d).   SunSouth had ample opportunity to offer rebuttal evidence in response to Defendants' factual attack, but it chose not to do so.   On the record as it existed at the time of Defendants' renewed motion, the evidence showed that subject-matter jurisdiction was lacking.

SunSouth's unsubstantiated contentions cannot disturb the viability of this legal conclusion.   SunSouth argues, in conclusory fashion, that the judgment is void because it "deprives [it] of property without due process of law."   (Doc. # 86, at 11.) SunSouth received notice of Defendants' renewed 12(b)(1) motion and took

advantage of the opportunity to respond.  That SunSouth neglected to come forward with evidence in response to a factual attack does not evince any denial of due process.  With respect to relief under Rule 60, SunSouth's motion will be denied.

### III.  CONCLUSION

Accordingly, it is ORDERED that SunSouth's Motion to Alter or Amend Judgment or for Relief from Order (Doc. # 86) is DENIED.

DONE this 12th day of April, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE