IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SUNSOUTH BANK,                      )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )       CASE NO. 1:13-CV-379-WKW
                                    )              [WO]
FIRST NBC BANK, *et al.*,           )
                                    )
        Defendants.                 )

## ORDER

On December 29, 2015, the court dismissed this action for lack of subject-matter jurisdiction. (Docs. # 84, 85.) The Eleventh Circuit affirmed the dismissal on appeal. *SunSouth Bank v. First NBC Bank*, 678 F. App'x 811 (11th Cir. 2017). SunSouth Bank, the plaintiff in this action, later filed an action in Florida state court against HCB Financial Corp. and First NBC Bank, the defendants in this action.

HCB now asks this court to enjoin SunSouth's Florida state court action. (Doc. # 98.) That action, HCB argues, is precluded by this court's December 29, 2015 Memorandum Opinion and Order (Doc. # 84) and Final Judgment (Doc. # 85). But rather than make those arguments to the Florida state court, HCB seeks an injunction from this court pursuant to the All Writs Act, 28 U.S.C. § 1651, via the so-called relitigation exception to the Anti-Injunction Act, *id.* § 2283.

The U.S. Supreme Court has made it inescapably clear that the relitigation exception should be applied cautiously:

> [I]n applying this exception, we have taken special care to keep it "strict and narrow." After all, a court does not usually "get to dictate to other courts the preclusion consequences of its own judgment." Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court . . . . So issuing an injunction under the relitigation exception is resorting to heavy artillery. For that reason, every benefit of the doubt goes toward the state court; an injunction can issue only if preclusion is clear beyond peradventure.

*Smith v. Bayer Corp.*, 564 U.S. 299, 306–07 (2011) (footnote omitted) (citations omitted).

Moreover, even assuming the relitigation exception gives this court the authority to enjoin SunSouth's Florida state court action, this court still has discretion to decide whether to exercise that authority. 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress *may* issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." (emphasis added)); *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) ("[T]he fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue.").

Using that discretion, this court declines to exercise whatever authority it may have to enjoin SunSouth's Florida state court action based on general considerations of comity and out of respect for the Florida state court in particular. But all is not lost for HCB. Even assuming—without deciding or expressing any opinion on

HCB's preclusion arguments—HCB is correct that this Court's December 29, 2015 Memorandum Opinion and Order (Doc. # 84) and Final Judgment (Doc. # 85) preclude SunSouth's Florida state court action, HCB has offered no reason to doubt that the Florida state court will give those rulings such preclusive effect.  And even if that court fails to do so, "an injunction is not the only way to correct a state trial court's erroneous refusal to give preclusive effect to a federal judgment. . . . '[T]he state appellate courts and ultimately [the U.S. Supreme Court]' can review and reverse such a ruling."  *Smith*, 564 U.S. at 307 n.5 (citation omitted).

Accordingly, it is ORDERED that HCB's motion for injunction (Doc. # 98) is DENIED.  It is further ORDERED that the Motion by SunSouth Bank to Strike, or, in the Alternative, to Dismiss HBC Financial Corp.'s Motion for Injunction (Doc. # 103) and SunSouth Bank's Motion for Leave to File Surreply to Reply Brief Filed by HCB Financial Corp. (Doc. # 106) are DENIED AS MOOT.

DONE this 9th day of February, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE